**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| **TERRY COLE and** | ) | |
| **CYNTHIA COLE,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 1:10CV00172 LMB** |
| | ) | |
| **AMERIGON INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM AND ORDER**

On October 26, 2010, Defendant Amerigon, Inc. removed this case from the Circuit Court of Stoddard County, Missouri, alleging diversity jurisdiction. This case has been assigned to the undersigned United States Magistrate Judge pursuant to the Civil Justice Reform Act and is being heard by consent of the parties. See 28 U.S.C. § 636(c).

Presently pending before the court is Plaintiffs' Motion to Remand. (Document Number 4). Defendant has filed a Response to Plaintiffs' Motion to Remand, plaintiffs have filed a Reply, and defendant has filed a Supplemental Response. (Docs. No. 8, 9, 20). Also pending is Plaintiffs' Motion for Sanctions Pursuant to F.R.C.P. 11, to which defendant has filed a Response. (Docs. No. 16, 18). A hearing was held on plaintiffs' motion to remand on December 14, 2010, during which the parties presented argument.

**Background**

On October 17, 2008, plaintiffs, citizens of Missouri, initiated this action in the Circuit Court of Scott County, Missouri against General Motors Corporation ("GM"), a Michigan corporation, and Sapaugh Motors, Inc. ("Sapaugh"), a Missouri corporation, alleging strict

liability and negligence claims. Plaintiffs claimed that Plaintiff Terry Cole sustained personal injuries as a result of an allegedly defective car seat heater. Causes of action were alleged against each defendant in both strict liability and in negligence for the design, manufacture, and sale of a product in a defective or unreasonably dangerous condition, and for failure to warn. On May 5, 2009, plaintiffs filed an Amended Petition for Damages, joining defendant Amerigon, Inc. ("Amerigon"), a Michigan corporation, as a defendant. Plaintiffs alleged that Amerigon designed, manufactured, marketed, and placed the heat producing components of the seat heater into the stream of commerce.

On June 1, 2009, Amerigon filed a Special Limited Entry of Appearance and simultaneously filed for a change of judge and a change of venue. Around the same time, GM filed for bankruptcy protection. On June 2, 2009, plaintiffs voluntarily dismissed Amerigon and GM. Thereafter, GM discharged its liability to plaintiffs under the bankruptcy code. On July 1, 2009, Sapaugh filed a Third Party Petition bringing Amerigon back in as a defendant and adding another defendant. On July 22, 2009, plaintiffs filed their Second Amended Petition, naming only Sapaugh as a defendant.

On August 7, 2009, the Scott County judge recused himself and transferred the case to the Circuit Court of Stoddard County, Missouri. On October 21, 2009, Sapaugh voluntarily dismissed Amerigon as a Third Party Defendant. Plaintiffs filed a Third Amended petition on December 9, 2009, naming Amerigon as a defendant. On October 21, 2010, nine days prior to trial, plaintiffs dismissed Sapaugh, the Missouri defendant, without prejudice.

On October 26, 2010, Defendant Amerigon removed the case to this court, invoking diversity jurisdiction pursuant to 28 U.S.C. §§ 1332. Defendant argued that plaintiffs' joinder of Sapaugh was pretensive and intended to defeat this court's diversity jurisdiction.

On October 29, 2010, plaintiffs filed a Motion to Remand, arguing that defendant's Notice of Removal is groundless, in that the removal is clearly prohibited by 28 U.S.C. § 1446(b).

## Discussion

Plaintiffs argue in their motion to remand that defendant's Notice of Removal is groundless because the plain language of 28 U.S.C. § 1446(b) disallows removal under diversity jurisdiction when more than one year has elapsed from the commencement of the action. Plaintiffs further argue that defendant's claim that Sapaugh was pretensively joined to defeat diversity jurisdiction is meritless. Plaintiffs thus request that the court remand this action to the Circuit Court of Stoddard County, Missouri. Plaintiffs also request that the court order defendant to pay plaintiffs their costs and expenses, including attorney fees, incurred as a result of the removal, pursuant to 28 U.S.C. § 1447(c).

### A.     Standard

A claim is removable to federal court only if the district court has original jurisdiction through diversity jurisdiction or federal question jurisdiction. See Peters v. Union Pacific R. Co., 80 F.3d 257, 260 (8th Cir. 1996). In order for a Federal Court to properly have diversity jurisdiction, the amount in controversy in the lawsuit must exceed the sum or value of $75,000.00, and the parties must be citizens of different states. See 28 U.S.C. § 1332 (a). Actions removed on the basis of diversity jurisdiction may only be removed if none of the parties in interest who is properly joined and served as a defendant is a citizen of the state where the action is brought. 28 U.S.C. § 1446(b).

If a case is not removable as initially pled, "a notice of removal may be filed within thirty days after the receipt...of a copy of an amended pleading, motion, order or other paper" that alerts the defendant that the action is removable.  Id.  The statute then limits a defendant's ability to remove an action by stating that "a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after the commencement of the action."  Id.

Removal statutes are strictly construed.  Nichols v. Harbor Venture, Inc., 284 F.3d 857, 861 (8th Cir. 2002).  Any doubts about the propriety of removal are resolved in favor of remand.  In re Business Men's Assurance Co., 992 F.2d 181, 183 (8th Cir. 1993).

**B.**     **Equitable Exception**

Defendant Amerigon argues that the one-year limitation set by 28 U.S.C. § 1446(b) should be equitably tolled.  Defendant contends that plaintiffs have joined and dismissed Amerigon several times and that when Amerigon was named as a defendant on December 9, 2009, the action had already been pending more than one year.  Defendant further argues that Sapaugh was fraudulently joined as plaintiffs had no real intention of prosecuting the action against Sapaugh.

 The circuits disagree as to whether the one-year limit is subject to equitable tolling.  See Tedford v. Warner-Lambert Co., 327 F.3d 423, 425-26 (5th Cir. 2003) (discussing disagreement).  Although the Eighth Circuit has not discussed this precise issue, it has stated that "[f]ailure of a party to remove within the one year limit precludes any further removal based on diversity."  Lindsey v. Dillard's, Inc., 306 F.3d 596, 600 (8th Cir. 2002).

The legislative history of Section 1446(b) provides as follows:

Subsection (b)(2) amends 28 U.S.C. § 1446(b) to establish a one-year limit on removal based on diversity jurisdiction as a means of reducing the opportunity for removal after

substantial progress has been made in state court. The result is a modest curtailment in access to diversity jurisdiction. The amendment addresses problems that arise from a change of parties as an action progresses toward trial in state court. The elimination of parties may create for the first time a party alignment that supports diversity jurisdiction. Under section 1446(b), removal is possible whenever this event occurs, so long as the change of parties was voluntary as to the plaintiff. Settlement with a diversity-destroying defendant on the eve of trial, for example, may permit the remaining defendants to remove. Removal late in the proceedings may result in substantial delay and disruption.

H.R. Rep. No. 100-889, at 72 (1988), reprinted in 1988 U.S.C.C.A.N. 5982, 6032-33.

Defendant relies primarily upon case law from the Fifth Circuit to argue that the one-year limit is subject to an equitable exception. Courts within this district, however, have found based on the plain language of the statute as well as its legislative history that the one-year limitation is absolute. See Banks v. Archer Daniels Midland Co., No. 4:10CV700 DDN, 2010 WL 2265165, at * 2 (E.D. Mo. June 2, 2010); Bancservs. Group, Inc. v. W. Nat'l Bank, No. 1:08CV13 HEA, 2008 WL 922308, at * 1 (E.D. Mo. Mar. 31, 2008); Harris v. Alamo Rent A Car, LLC, No. 4:07CV865 JCH, 2007 WL 1701868, at * 2 (E.D. Mo. June 11, 2007).

Defendant argues that this is a case of first impression in this district and that the cases cited above are, therefore, inapplicable. Defendant states that in the prior cases, the defendant seeking to remove had consistently been a defendant for more than one year before seeking removal. Defendant further contends that, in Boyke v. Celadon Trucking Services, Inc., it was suggested that forum manipulation, which is present in this case, would be the very situation that would provide an exception to the one-year rule. No. 4:08CV01857 FRB, 2009 WL 1393870 (E.D. Mo. May 15, 2009).

In Boyke, the court[1] noted the division between the circuits on the issue of an equitable exception to 1446(b) and stated that this issue is "generally relevant" in cases in which the plaintiff

---

[1]The Honorable Frederick R. Buckles, United States Magistrate Judge.

has "engaged in conduct designed to manipulate the forum." Id. at * 3. The court pointed out that forum manipulation was present in cases from other circuits where an equitable exception was found. Id. The court found no such forum manipulation present in the matter before it and noted that the defendants specifically stated that they were not alleging that the plaintiff had attempted to manipulate the forum. Id. at * 4. The court concluded that "the case at bar presents no situation demanding the resolution of this issue in defendants' favor." Id.

Defendant argues that Boyke supports the application of an equitable exception in cases such as the instant one, where forum manipulation is present. Boyke, however, did not hold that an equitable exception should be applied in this district in cases where forum manipulation is alleged. Rather, Boyke merely noted that this issue was only relevant in cases in which forum manipulation or other misconduct is present, and found that the case before it did not present such facts.

Although defendant contends that this is a case of first impression, this district considered whether an equitable exception should be applied when allegations of misconduct and forum manipulation were present in Advanta Tech. Ltd. v. BP Nutrition, Inc., No. 4:08CV00612ERW, 2008 WL 4619700, at *2 (E.D. Mo. October 16, 2008). In Advanta, the defendants argued that the plaintiffs misrepresented to the court that the only non-diverse plaintiff was the real party in interest, when the evidence demonstrated otherwise, thereby destroying diversity. The defendants claimed that equitable tolling was appropriate due to plaintiff's misrepresentation. The court[2] granted the plaintiff's motion to remand, stating "[i]f this Court had discretion to deny Plaintiff's Motion to Remand, this case would remain pending before the Court, however, in light of recent

_____

[2]The Honorable E. Richard Webber, United States District Judge.

Court opinions, the Court now finds that 28 U.S.C. § 1446(b) establishes a jurisdictional requirement that may not be equitably tolled." Id. at * 4.

The undersigned finds that the one-year limit is absolute and cannot be equitably tolled. The plain language of the statute, legislative history of the statute, and precedent in this district compel this result. It is true, as defendant notes, that this finding may permit forum manipulation by plaintiffs. Nevertheless, creating an equitable exception for § 1446(b) would "[contravene] the Court's role of interpreting and applying a statute as written by Congress." Harris, 2007 WL 1701868, at * 3 (citing United States v. White Plume, 447 F.3d 1067, 1076 (8th Cir. 2006) (acknowledging that Congress, not the courts, write statutes)).

Counsel for defendant notes in her Supplemental Response that, in Brueseke v. Summit Racing, Cause No. 4:06CV00451, she removed a state case to this court more than one year after the case was initiated and that the case was never remanded to state court. Notably, the plaintiff in this matter did not file a motion to remand and the court did not consider the issue of whether an equitable exception to the one-year rule applied. The fact that counsel for defendant has previously successfully removed a case to federal court after the expiration of the one-year period does not change the statutory language and has no effect on the outcome of this matter.

In this case, plaintiffs filed the original petition in state court on October 17, 2008. Defendant did not remove the case until October 26, 2010. Thus, removal was untimely and this case must be remanded to state court.

### C.    Sanctions

Plaintiffs request that the court order defendant to pay plaintiffs' costs and expenses, including attorney fees, incurred as a result of the removal, pursuant to 28 U.S.C. § 1447(c). Plaintiffs have also filed a motion for sanctions pursuant to Rule 11. Plaintiffs argue that the

Notice of Removal was filed to unnecessarily delay the trial in state court and/or cause an increase in the cost of litigation. As support for this contention, plaintiffs note that the underlying case had been pending in state court for more than two years prior to removal and that the Notice of Removal was filed six days before trial was scheduled. Plaintiffs also allege that the Notice of Removal contains unsupported factual allegations and frivolous legal argument.

The relevant statute provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The awarding of fees under § 1447(c) is not mandatory, rather it is left to the court's discretion. Martin v. Franklin Capital Corp., 546 U.S. 132, 136, 126 S.Ct. 704, 709, 163 L.Ed.2d. 547 (2005). In general, a district court may award attorney's fees "only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Id. at 710.

Federal Rule of Civil Procedure 11(b) provides, in relevant part:

> (b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper-whether by signing, filing, submitting, or later advocating it-an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery...

Fed. R. Civ. P. 11(b).

The undersigned declines to award costs and expenses pursuant to 28 U.S.C. § 1447(c). Defendant's equitable exception argument was an objectively reasonable basis for seeking removal, as no precedent from the Eighth Circuit existed on this issue.

The court will also deny plaintiffs' motion for sanctions under Rule 11. This court has determined that it lacks jurisdiction to consider this matter and that this matter should be remanded to state court. A trial in this matter was scheduled to commence in state court on November 1, 2010. If this court were to determine the issue of sanctions, this matter would be subject to further unnecessary delay. The parties are not precluded from pursuing any available remedies in state court. In fact, the parties have demonstrated that sanctions are available in state court, as they have already successfully pursued sanctions in this matter in state court.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand Case to State Court (Doc. No. 4) be and it is **granted**.

**IT IS FURTHER ORDERED** that the instant cause of action is **remanded** to the Circuit Court of Stoddard County, Missouri, for further proceedings.

**IT IS FINALLY ORDERED** that Plaintiff's Motion for Sanctions Pursuant to F.R.C.P. 11(Doc. No. 16) be and it is **denied without prejudice**.

Dated this  21st  day of December, 2010.


_____
LEWIS M. BLANTON
UNITED STATES MAGISTRATE JUDGE